**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**


**BILLY J. CARTER,**

               **Plaintiff,**

**v.**                           **Civil Action No. 2:05cv702**

**HITACHI KOKI U.S.A LTD.,
HITACHI KOKI CO., LTD.,
HITACHI POWER TOOLS U.S.A., LTD.,
MASTER TOOL REPAIR, INC.,**

               **Defendants.**

_____

_____

**OPINION AND ORDER**


      Although plaintiff Billy J. Carter ("Carter") and defendant Master Tool Repair, Inc. ("Master Tool") are both Virginia citizens, defendants removed this product liability action from state to federal court.  Defendants assert that removal is proper because Master Tool was fraudulently joined as a party to defeat diversity jurisdiction.

      This matter is now before the Court on Carter's Motion to Remand.  (Docket No. 5).  Because plaintiff cannot prove that Master Tool sold the allegedly defective product at issue in this case, the motion is **DENIED,** and defendant Master Tool is

1

**DISMISSED** from this action.


I.  Factual and Procedural History


Carter claims to have gravely injured himself in December
2002 while operating a Hitachi Koki C7BD 7¼" circular saw ("the
saw").  He sought compensation for his alleged injuries by filing
suit in the Circuit Court of the City of Portsmouth, Virginia on
December 6, 2004 against defendants Hitachi Koki U.S.A. Ltd.
("HKU"), Hitachi Koki Co., Ltd. ("HKC"), Hitachi Power Tools
U.S.A., Ltd.,[1] and Master Tool.  Carter alleged in his Motion for
Judgment that the defendants were negligent and breached various
warranties.  Carter served HKU, the North American distributor of
the saw, on December 22, 2004.  He never served HKK, the Japanese
manufacturer of the saw.

Carter alleged in his Motion for Judgment that Master Tool
sold the circular saw that injured him.  Curiously, Carter did
not serve Master Tool until October 27, 2005, almost one year
after the action was filed.  Upon being served, Master Tool
searched its records and determined that it did not sell the saw
in question and indeed did not sell any circular saws at all in
October 2002.  Defendants thereafter removed the action to this

---

[1]Defendant Hitachi Power Tools U.S.A., Ltd., is no longer a
corporate entity, but a predecessor entity to HKU.

Court, claiming that Master Tool was named as a defendant solely to defeat diversity jurisdiction.

To support his Motion to Remand, Carter submitted an affidavit dated December 20, 2005.  He avers that his former employer, Mr. Steve Mele ("Mele"), purchased the saw on his behalf from Master Tool in or about October 2002.  (Carter Aff. ¶ 4).  Carter was not with Mele when he purchased the saw.  (Carter Aff. ¶ 4).  He assumes that Master Tool sold the saw because Mele regularly purchased power tools for himself and for his employees from that retailer.  (Carter Aff. ¶ 4).  However, Mele did not actually tell him this.

Defendants HKU and Master Tool opposed the Motion to Remand by submitting the counter affidavit of Mele dated April 24, 2006.  In this affidavit, Mele avers that he did not purchase the circular saw in question from Master Tool.  (Mele Aff. ¶¶ 6-9).  Mele further avers that Carter's counsel did not contact him to learn the identity of the retailer that sold the saw in question.  (Mele Aff. ¶ 9).


## II.  Removal Through Fraudulent Joinder


Federal courts have jurisdiction over cases between citizens of different states or between a citizen of a state and an alien.  U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(1); <u>Lincoln Prop.</u>

Co. v. Roche, 126 S. Ct. 606, 610 (2005).  When opposing parties are citizens of different states, a defendant may remove a case originally filed in state court to federal court.  28 U.S.C. § 1441(a); Roche, 126 S. Ct. at 610.  The party seeking removal carries the burden of establishing diversity jurisdiction, and removal jurisdiction is strictly construed.  Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  Nonetheless, removal should be "fair to both plaintiffs and defendants alike" because the right of removal is "at least as important as the plaintiff's right to the forum of his choice."  McKinney v. Bd. of Trs. of Mayland Cmty. Coll., 955 F.2d 924, 927 (4th Cir. 1992).  A defendant's right to removal should not be "easily overcome by tactical maneuvering by plaintiffs." Id. at 928.

When a plaintiff tactically names or maintains a non-diverse defendant to defeat diversity jurisdiction, the defendant may invoke the judicially created doctrine of fraudulent joinder to remove the case to federal court.  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999); Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).  This doctrine allows a district court to dismiss a nondiverse defendant and assume jurisdiction over the case.  Mayes, 198 F.3d at 461; Marshall, 6 F.3d at 232; AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903

F.2d 1000, 1003 (4th Cir. 1990).  Fraudulent joinder may apply to "each defendant named by the plaintiff either in the original complaint or anytime <u>prior</u> to removal."  <u>Mayes</u>, 198 F.3d at 461 n.8 (emphasis added) (citing <u>Cobb v. Delta Exports, Inc.</u>, 186 F.3d 675, 678 (5th Cir. 1999)).  The term suggests but does not require a showing of actual fraud.  <u>Mayes</u>, 198 F.3d at 461 n.8.

The removing party who claims fraudulent joinder must demonstrate either: "'[1] that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'"[2]  <u>Id.</u> at 464 (quoting <u>Marshall</u>, 6 F.3d at 232); <u>see also</u> <u>Hartley v. CSX Transp. Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999).  The first ground for declaring a fraudulent joinder (<u>i.e.</u>, the "no possibility" of prevailing standard) requires the removing party to demonstrate either "that no cause of action is stated against the nondiverse defendant, <u>or in fact no cause of action exists</u>."  <u>AIDS</u>, 903 F.2d at 1003 (4th Cir. 1990) (emphasis added); <u>see also Mayes</u>, 198 F.3d at 463-64.  This involves the heavy burden of showing "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all

---

[2]The Court does not suggest that Carter or his counsel acted with fraudulent intent.  To the contrary, as noted <u>infra</u> p. 6, plaintiff had a colorable basis for initially naming Master Tool as a defendant.

issues of fact and law in the plaintiff's favor." <u>Mayes</u>, 198 F.3d at 464; <u>see also</u> <u>Hartley</u>, 187 F.3d at 424.

The Fourth Circuit has clarified that joinder is "fraudulent if 'there is no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.'" <u>AIDS</u>, 903 F.2d at 1003.  To discern whether joinder is fraudulent, a district court is not limited to the pleadings "but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" <u>Id.</u> at 1004 (quoting <u>Dodd v. Fawcett Publ'ns., Inc.</u>, 329 F.2d 82, 85 (10th Cir. 1964)); <u>see also</u> <u>Mayes</u>, 198 F.3d at 463-64.  While the Fourth Circuit has not directly addressed the use of affidavits to resolve a claim of fraudulent joinder, the Supreme Court and other Courts of Appeal have permitted their use in this context.[3]  See <u>Chicago, Rock Island & Pac. Ry. Co. v. Whitetaker</u>, 239 U.S. 421, 424 (1915) (permitting lower court's consideration of affidavits to decide fraudulent joinder claim); <u>Wecker v. Nat'l Enameling & Stamping, Co.</u>, 204 U.S. 176, 183-85 (1907) (determining defendant was

---

[3]The United States District Court for the Eastern District of Virginia has also considered affidavits in ruling on fraudulent joinder claims.  <u>Beaudoin v. Sites</u>, 886 F. Supp. 1300, 1302 (E.D. Va. 1995) (Payne, J.); <u>Edmond v. Food Lion, Inc.</u>, 895 F. Supp. 103, 104 (E.D. Va. 1994) (Hoffman, J.).  Most recently, Judge Doumar noted that consideration of evidence such as affidavits may at times present the only method of preserving a litigant's right to a federal forum based on diversity jurisdiction.  <u>Linnin v. Michielsens</u>, 372 F. Supp. 2d 811, 818-19 (E.D. Va. 2005).

fraudulently joined because affidavits revealed that his duties as employee failed to establish any liability for a negligence claim); Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005) ("'[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.'"); Griggs v. State Farm Lloyds, 181 F.3d 694, 699-702 (5th Cir. 1999) ("[A] federal court may consider 'summary judgment-type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim."); Pampillonia v. RJR Nabisco. Inc., 138 F.3d 459, 461-62 (2d Cir. 1998) (examining facts in plaintiff's affidavit to conclude that no cause of action existed against defendant).

Affidavits and other types of evidence used to support a motion for summary judgment may help determine whether a "factual fit [exists] between the plaintiffs' allegations and the pleaded theory of recovery." Griggs, 181 F.3d at 701; see AIDS, 903 F.2d at 1003. While such evidence should not be used to resolve uncertain questions of law and fact, some evidence must exist in the record to substantiate the cause of action. Compare Hartley, 187 F.3d at 425 (holding that district court should not have made determination concerning novel application of public duty rule to plaintiff's claims) with AIDS, 903 F.2d at 1003 (affirming that

7

plaintiff fraudulently joined defendant partly because no
persuasive evidence existed that defendant participated in the
defamatory broadcast) and Griggs, 181 F.3d at 701 (affirming
district court's finding that plaintiff fraudulently joined
defendant because pleadings and affidavit failed to establish
implied or express contract).


### III.  Analysis


     Having concluded that the Court may consider affidavits and
other evidence outside the pleadings, it is clear that Master
Tool is not an appropriate defendant.  This is not a case where
the plaintiff and defendants are in a swearing contest over the
events in question.  Mele, who is the only witness that can prove
plaintiff's case, has testified unequivocally by affidavit that
Master Tool did not sell the allegedly defective product.
Plaintiff has no other evidence, such as a sales receipt or a
credit card statement, to cast doubt on Mele's recollection.

     Even after construing all facts and the law in plaintiff's
favor, the Court must conclude that plaintiff inappropriately
maintained Master Tool as a defendant in this action.  Plaintiff
made no effort to contact the alleged purchaser of the saw to
learn where it was purchased.  Moreover, plaintiff waited to

serve Master Tool almost one year after serving the diverse defendant.  While plaintiff had some basis upon which to sue Master Tool initially, the subsequent record suggests tactical maneuvering designed to destroy diversity jurisdiction.

## IV.  Conclusion

For the reasons stated above, plaintiff Carter's Motion to Remand is **DENIED**, and defendant Master Tool is **DISMISSED** from this action.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED**.

/s/
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 2, 2006